***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner George T. Glenn, and the briefs and oral arguments on appeal. The appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission reverses the prior Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement, and at the hearing before the Deputy Commissioner on 22 August 2001 as:
 STIPULATIONS
1. All the parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the defendant-employer and the plaintiff at all relevant times herein.
3. The Travelers provided defendant-employer with workers' compensation coverage at all relevant times herein.
4. The plaintiff's average weekly wages will be determined from a Form 22 to be submitted by defendants.
5. The plaintiff's alleged date of injury is 23 December 1998.
6. The issues to be determined by the Commission are as follows:
 a) Whether the plaintiff sustained an injury by accident while in the course and scope of employment with defendant-employer?
 b) If so, what, if any, benefits is the plaintiff entitled to receive under the North Carolina Workers Compensation Act?
 ***********
Based upon the evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Before the Deputy Commissioner, defendants admitted the plaintiff sustained an injury by accident in the course and scope of her employment on or about 23 December 1998.
2. The plaintiff was fifty years old at the time of the hearing before the Deputy Commissioner, born February 23, 1951. The plaintiff was born and raised in Vietnam. The plaintiff's educational background is significant for a high school equivalency degree in Vietnam and for courses as an electronics' technician at Wake Technical Community College. The plaintiff did not complete a degree course there.
3. From 1978 through 1987, the plaintiff worked for AMP, Inc., at a Cary, North Carolina plant. This plant closed in 1987. Thereafter, the plaintiff returned to work with defendant-employer in 1994 at a Greensboro facility. She moved to Greensboro with her children in order to take this employment. Her job duties consisted of work as a machine mechanic operating extruding equipment to make electrical parts.
4. On or about 23 December 1998, while in the course and scope of her employment, the plaintiff sustained an injury by accident when she fell on her back on icy steps in the company parking lot. This was reported to her supervisor, Norman Williamson, and to management within the company.
5. The plaintiff was on vacation from 23 December 1998 through 4 January 1999. The plaintiff was initially seen and treated by her family physician. She was then referred to Dr. Jeffrey C. Beane at Greensboro Orthopaedic Clinic for care and treatment at defendants' expense. The plaintiff did not miss time due to her injury and continued to work for defendant-employer in a light-duty capacity.
6. Dr. Beane released the plaintiff to return to full duty work with no restrictions and no permanent partial impairment rating as of 1 June 1999.
7. The plaintiff returned to her full duty position with defendant-employer as of 1 June 1999 at her pre-injury wage and worked at this position through the months of June and July. 1999 without complaint and without seeking medical treatment.
8. The plaintiff tendered her resignation from defendant-employer on 9 August 1999. In her exit questionnaire, the plaintiff indicated that she has resigned voluntarily to take other employment. The plaintiff indicated verbally to one of her supervisors that she was taking employment in Raleigh to be closer to her family.
9. There is insufficient evidence of record from which to prove that as a result of the compensable injury by accident that the plaintiff retained any disability beyond 1 June 1999.
10. The plaintiff resigned her employment with defendant-employer on 9 August 1999 for reasons unrelated to the injury by accident.
11. The plaintiff was evaluated by Dr. Charron and Dr. Derian. The Full Commission gives more weight to the opinions of Dr. Beane given that Dr. Beane, unlike Drs. Charron and Derian, treated the plaintiff on an ongoing basis beginning 7 January 1999 and continuing over many visits.
 ***********
Based on the foregoing findings of facts, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff is entitled to have defendants provide all medical compensation arising from the 23 December 1998 injury by accident. N.C.G.S. §§ 97-2(19); 97-25.
2. The plaintiff is not entitled to workers' compensation disability compensation. N.C.G.S. § 97-29; Russell v. Lowes ProductDistribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993).
 ***********
Based upon the foregoing findings of facts and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay all medical expenses incurred by the plaintiff as a result of the 23 December 1998 injury by accident.
2. The plaintiff's claim for workers' compensation disability benefits is hereby DENIED.
3. Each side shall pay its own costs of this appeal.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
DISSENTING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER